### SCHULZE v. GALLAGHER.

(Supreme Court, Appellate Division, Second Department.  June 19, 1903.)

1. APPEAL—CONSTRUCTION OF CONTRACT—QUESTION OF FACT.
    Where, in an action for work and labor performed under a building contract, defendant alleged damage for plaintiff's failure to comply with the condition that the mudsill of the building be laid six inches below "water level," and there was evidence fully supporting the conclusion

of the trial court that this referred, not to an arbitrary level, but to the actual water level discovered in putting in the foundations, the judgment refusing the counterclaim will not be disturbed, a question of fact being presented.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Frank Schulze against Barbara Gallagher. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

J. Stewart Ross, for appellant.

Charles H. Kelby, for respondent.

WOODWARD, J. The plaintiff commenced two actions against the defendant for work, labor, and services, performed under separate contracts; and the defendant put in a counterclaim for $750, claiming damages in that amount for imperfections in the labor performed. By agreement the two actions were tried together; the same evidence to be considered in both cases, and the counterclaim, if allowed, to be divided between the two actions of the plaintiff. The plaintiff constructed two houses and a stable for the defendant, the houses being built under written contracts, and the stable being built under a verbal contract; and the only material point involved in this appeal is whether the defendant was entitled to have her counterclaim allowed. The contract for one of the houses required that the mudsill should be laid at least six inches below the water level, and the question was whether the plaintiff had complied with this requirement; the evidence showing that from $500 to $1,000 would be required to put in this mudsill in the manner claimed to be necessary by the defendant. Evidence bearing upon the meaning of the words "water level," as used in the contract, was introduced, and fully supports the conclusion reached by the trial court—that it referred, not to an arbitrary water level, but to the actual water level discovered in putting in foundations at the point where this work was performed. The evidence showed conclusively that the mudsill was laid in water from six to ten inches in depth at the time it was put in, and, if this was the water level referred to in the contract, there can be no doubt that the plaintiff had fully performed in this respect, and there was no ground for allowing the counterclaim. A question of fact was presented, and, while the defendant's husband testified that the water level referred to an arbitrary depth of excavation, we are persuaded that this was not the water level which the parties had in mind in making this contract, and that the conclusion of the court below ought not to be disturbed. Several witnesses testified to their understanding of the term, and it appears that it has a distinct meaning as applied to building contracts in that locality, and that the practice is to dig down to the point where water is encountered, and to place the mudsill under the water. This was done in the case at bar, with the defendant's husband present and making no suggestions to the contrary, although he appears to have had experience in constructing sewers, and knew generally of the conditions of the soil and the requirements of the

contract, and, in a measure at least, acted as the agent of the defendant. The learned court allowed certain matters of counterclaim, amounting to $171.50, for incomplete portions of the work, but refused to find that the plaintiff had failed to perform in reference to the mudsills, and the judgment appears to have approximated justice as nearly as was practicable under the circumstances.

The judgment appealed from should be affirmed, with costs. All concur.